## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ROBERT CHRISTOPHER ADAMS,** | ) | |
| **#K67019,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No. 3:21-cv-00912-SMY** |
| | ) | |
| **WARDEN,** | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Plaintiff Robert Christopher Adams, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights.  This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A.  Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed.  28 U.S.C. § 1915A(b).

### <u>Discussion</u>

As an initial matter, it is not clear from Plaintiff's Complaint what claim(s) he is attempting to assert in this lawsuit.  He alleges he was released from Shawnee Correctional Center without proper winter clothing and subjected to life threatening conditions.  However, his allegations suggest that he previously filed a lawsuit on that claim and that was settled.  Plaintiff also alleges he was incarcerated after his release date but lists another pending lawsuit for which the basis of his claim is "being kept passed my outdate."  (Doc. 1, p. 3).

To the extent Plaintiff intends to bring a claim that he was incarcerated beyond his release date, he has not alleged when he should have been released or that the Warden, the only named

defendant, had knowledge of this issue.  Without any allegations that the Warden knew that Plaintiff was being held beyond his release date, Plaintiff cannot show deliberate indifference and fails to state a claim.  *Figgs v. Dawson*, 829 F.3d 895, 902 (7th Cir. 2016) ("Incarceration beyond the date when a person is entitled to be released violates the Eighth Amendment if it is the product of deliberate indifference.").

For these reasons, the Complaint will be dismissed for failure to state a claim and Plaintiff will be granted leave to re-plead his claim(s) in a First Amended Complaint.

## Disposition

Plaintiff's Complaint is **DISMISSED without prejudice.**  Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **OCTOBER 20, 2021**.  The First Amended Complaint will be subject to review pursuant to 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District.  He should label the form "First Amended Complaint" and use the case number for this action (No. 21-912-SMY).  Further, Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how ...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions.  While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow pleading standards and include a short, plain statement of the case against that party.  He must describe each Doe Defendant, when he encountered each Doe Defendant, and the circumstances of the encounter.  He

2

is required to identify the Doe Defendants as much as possible and at least distinguish between different Does. (For example, John Doe # 1 did X and John Doe # 2 did Y.).  To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail Plaintiff a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Therefore, the Court will not accept piecemeal amendments to the original Complaint – the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any relevant exhibits he wishes the Court to consider.

**If Plaintiff fails to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims.** Fed. R. Civ. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal will count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  September 20, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

4