IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT CHRISTOPHER ADAMS, ) <br> #K67019, ) <br>  ) <br> Plaintiff, ) <br> vs. ) <br>  ) <br> WARDEN, SHAWNEE CC, and ) <br> IDOC DIRECTOR JOHN DOE, ) <br>  ) <br> Defendants. ) | Case No. 3:21-cv-00912-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Robert Christopher Adams, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Shawnee Correctional Center ("Shawnee"). The Complaint was dismissed at screening for failure to state a claim for relief and Plaintiff was granted leave to file a First Amended Complaint. (Doc. 15).

This matter is now before the Court for preliminary review of the First Amended Complaint (Doc. 17) under 28 U.S.C. § 1915A. Any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 17): Plaintiff was held at Shawnee past his release date. He should have been released in November 2017 but was not released until January 2018. Defendants should have kept track of when to release him. The Warden is responsible for the release of all inmates and is responsible for

anyone who is not released. The IDOC Director oversees all IDOC facilities to ensure proper administration of the facilities, including ensuring inmates are not kept past their release dates. The Warden and the Director have a duty to release inmates at the proper time.

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

> Count 1: Eighth Amendment claim against the Warden and IDOC Director John Doe for holding Plaintiff past his release date.

Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

The allegations against the Warden and IDOC Director are based solely on their alleged duties as administrators; not on personal knowledge or involvement in the alleged constitutional violation. Without allegations that the Warden and the IDOC Director knew Plaintiff was being held beyond his release date, Plaintiff cannot state a viable deliberate indifference claim. *Figgs v. Dawson*, 829 F.3d 895, 902 (7th Cir. 2016) ("Incarceration beyond the date when a person is entitled to be released violates the Eighth Amendment if it is the product of deliberate indifference.").

Additionally, because Plaintiff's claim accrued at the point he was held past his release date, his claim is barred by the applicable two-year statute of limitations. *See Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) ("§ 1983 claims in Illinois are also governed by a two-year limitations period"). Even assuming the statute of limitations did not begin to run

until he was released in January 2018, the filing of this action on July 12, 2021 was long after the two-year limitations period expired.

For the foregoing reasons, the First Amended Complaint will be dismissed. And because amendment would be futile, the dismissal will be with prejudice. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of Chicago*, 24 F.3d 966, 970 (7th Cir. 1994).

## Disposition

The First Amended Complaint, and this action in its entirety, is **DISMISSED with prejudice**. The Clerk of the Court is **DIRECTED** to enter final judgment and to close this case.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the appeal is found to be nonmeritorious, Plaintiff may incur a "strike."

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: December 1, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
